UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-00386-1 |
| | § | |
| SERGIO HERNANDEZ-RAMIREZ | § | |

# FINDINGS AND RECOMMENDATION
# ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1] The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On June 10, 2015, the Defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.  The Defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the Defendant in a prosecution for perjury or for making a false statement;

2.  The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

---

[1] *See* Special Orders C-2013-2, C-2013-3, C-2013-5, V-2013-2, C-2014-3.

3.     The Defendant was advised that the Indictment charged a violation of Title 8, United States Code, Section 1326, which makes it unlawful for any person who, as an alien, has been previously deported or removed from the United States, to thereafter be knowingly and unlawfully present in the United States, having been found in the Southern District of Texas without first obtaining consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

4.     The Defendant was advised that the United States must prove each of the following elements of the offense beyond a reasonable doubt:  (1) the Defendant is an alien to the United States; (2) the Defendant was previously deported from the United States; (3) that the Defendant was knowingly and unlawfully present in the United States, having been found in the Southern District of Texas; (4) after being deported but before re-entering the United States, the Defendant failed to obtain consent to re-enter this country;

5.     The Defendant was advised that the maximum possible prison term depended upon the Defendant's history of criminal convictions prior to his most recent deportation: (1) the standard maximum prison term was up to two years; but (2) if, prior to his last deportation, the Defendant had been convicted of three or more misdemeanors involving drugs or crimes against the person or convicted of any felony offense, the maximum prison term would increase to ten years; and finally (3) if, prior to his last deportation, the Defendant had been convicted of an aggravated felony, the maximum possible prison term would increase to twenty years; the Defendant was further advised that he could be required to serve a term of supervised release of up to three years following any prison term and upon violation of supervised release, the Defendant could be required to serve up to two more years in prison; the Defendant was further advised that even if the maximum term for violation of supervised release were to be imposed, that the Defendant could be re-released to supervised release and if revoked again, could receive the maximum again; the Defendant was advised supervised release could be imposed and revoked multiple times until completing the term; the Defendant was also advised that a fine of $250,000 could be imposed in addition to the prison and supervised release terms, and a mandatory $100 special assessment applied to any conviction;

6.     The Defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the Defendant stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him;

7.     The Defendant was advised that if convicted of this offense, he may be removed from the United States, denied citizenship, and denied admission to the United

States in the future. The Defendant stated he understood and had discussed this matter with his attorney; and

8. The Defendant was advised that there was no plea agreement with the United States; upon further questioning, the Defendant stated that the United States offered a plea agreement and it was rejected after defense counsel reviewed and explained the offer of a plea agreement to the Defendant.

The Defendant stated that he had received a copy of the Indictment and he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The Defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the Defendant a certain sentence. The Defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the Defendant to be sufficiently competent to enter a plea of guilty.

The Defendant pleaded guilty to the offense of being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) as alleged in Count One of the Indictment. When questioned about the guilty plea, the Defendant admitted that the facts set forth by the United States Attorney in support of the guilty plea were true: that he is a citizen of Mexico, that he was last deported or removed from the United States on October 2, 2014, that on April 19, 2015, the Defendant was knowingly and unlawfully present in the United States having been found in Brooks County, Texas, without first obtaining consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States. The Defendant further admitted he had no lawful right to be present in the United States.

The undersigned United States Magistrate Judge finds that Defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the Defendant's plea of guilty, and find that the Defendant is guilty as charged in the Indictment.

Respectfully submitted this 10th day of June, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).